UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

DOUGLAS CATE,

    Plaintiff,

v.

CASE NO.:

PROGRESSIVE WASTE SOLUTIONS OF
FL, INC., a Foreign Profit Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, DOUGLAS CATE ("Mr. Cate" or "Plaintiff"), files this Complaint against Defendant, PROGRESSIVE WASTE SOLUTIONS OF FL, INC., ("PW" or "Defendant"), a Foreign Profit Corporation, and states as follows:

**JURISDICTION**

    1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, declaratory relief, and reasonable attorney's fees and costs, and pursuant to the Florida Private Whistleblower Statute (Fla. Stat. § 448.102, *et seq.*) to recover actual and compensatory damages, including front pay and back pay, declaratory and injunctive relief, as well as his costs and reasonable attorneys' fees.

    2.    The federal question jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

    3.    This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff, an adult individual, was a resident of Manatee County, Florida.

5. At all times material hereto, PW was, and continues to be, a Foreign Profit Corporation. Further, at all times material hereto, PW was, and continues to be, engaged in business in Highlands County, Florida, and is therefore within the jurisdiction of this Court.

6. At all times material to this Complaint, Plaintiff worked for Defendant in Sebring, Highlands County, Florida.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was and continues to be "an enterprise engaged in commerce," within the meaning of the FLSA.

11. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 *per annum* during the relevant time periods.

13. At all times relevant hereto, Defendant was primarily engaged in providing waste removal services and products to customers.

14. At all times material hereto, Defendant had two (2) or more employees handling,

selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

15. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

16. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

17. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

18. The illegal conduct complained of and the resultant injury or injuries occurred within the Judicial District in and for Highlands County, Florida.

## STATEMENT OF FACTS

19. Defendant initially hired Plaintiff in October of 2011, and misclassified him as a salaried operations "supervisor."

20. Defendant subjected Plaintiff to a rigid work schedule, and monitored the schedule closely.

21. Defendant, upon hiring Plaintiff, characterized him as a salaried operations supervisor at a rate of $65,000 per year.

22. Mr. Cate had no authority to set rates of pay, create schedules for any of Defendant's other employees, or discipline employees.

23. Mr. Cate always worked at Defendant's facility.

24. Mr. Cate was closely supervised by PW's supervisors and managers at all times.

25. Mr. Cate was involved in no major business decisions made by PW.

3

26. Mr. Cate had no direct or supervisory authority over any of PW's other employees, and had no hiring or firing authority.

27. Mr. Cate worked within established procedures promulgated by PW in executing his duties.

28. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week during his relationship with Defendant.

29. Defendant, during the relevant limitations period, failed to compensate Plaintiff at a rate of one-and-one-half times Plaintiff's regular rate for **all** such hours worked in excess of forty (40) hours in a single work week.

30. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week for Defendant, as required by the FLSA.

31. In mid-June of 2014, Mr. Cate discovered that PW's site manager was unlawfully adjusting punch-in and punch-out times for PW's hourly-paid attorneys.

32. Mr. Cate immediately objected to the site manager that his actions violated the FLSA.

33. PW's site manager attempted to explain his actions by stating that he was simply "trying to maintain drive-time hours not to exceed 60 hours."

34. Mr. Cate explained that this did not make it lawful for PW to fail to pay its hourly-paid employees time-and-a-half for all hours worked in excess of forty (40) in a given work week, and reiterated his objections to PW's violations of the FLSA.

35. Several days later, on or about June 23, 2014, PW's site manager unlawfully terminated Mr. Cate's employment in retaliation for his objections to PW's violations of the

4

FLSA.

36. PW offered a pretextual reason for its retaliation, claiming that Mr. Cate had somehow failed to arrange for coverage for a previously-scheduled absence. In fact, Mr. Cate had arranged for a colleague, Nick, to cover his shift on the day in question, and PW's site manager had approved this in advance.

37. Plaintiff's termination was unquestionably pretextual, and was effected in direct retaliation for engaging in the protected activity described in Paragraphs 31 to 34, above.

38. Defendant employs in excess of ten (10) employees who perform services on its behalf and is an employer as defined by the Florida Private Whistleblower Statute.

39. Plaintiff suffered adverse action as a direct result of refusing to participate in and/or objecting to Defendant's illegal workplace practices, in violation of the Florida Private Whistleblower Act.

40. Defendant has violated Title 29 U.S.C. §207 in that:

   a. Plaintiff regularly worked in excess of forty (40) hours per week for the period of employment/his relationship with Defendant;

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendant failed to maintain proper time records as mandated by the FLSA, and in fact manipulated them in violation of the FLSA.

41. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

42. Plaintiff re-alleges and reavers paragraphs 1 through 35, 40, and 41 of the Complaint, as if fully set forth herein.

43. During his employment, Plaintiff regularly worked in excess of forty (40) hours per week, for which Plaintiff was not compensated at the statutory rate of one-and-one-half times Plaintiff's regular rate of pay for **all** hours worked.

44. Plaintiff was and is entitled to be paid at the statutory rate of one-and-one-half times Plaintiff's regular rate of pay for **all** hours worked in excess of forty (40) hours.

45. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA, and in fact manipulated its time records in violation of the FLSA in order to avoid paying Plaintiff and other employees their rightful overtime.

46. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is, due, and as evidenced by its deliberate and unlawful manipulation of time records.

47. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

48. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

49. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

50. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time-and-a-half for their overtime hours, and that intentionally provided for the unlawful manipulation of employee time records.

51. Plaintiff demands a trial by jury as to all issues so triable.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest;

    f. Ordering any other and further relief the Court deems just and proper.

**COUNT II - FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL**

## RETALIATION

56. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-6, 13, 18-19, 31-39, and 41 of the Complaint as if fully set forth herein.

57. In June of 2014, in violation of Fla. Stat. § 448.102, Defendant took adverse action against Plaintiff for his objections to Defendant's illegal behavior.

58. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including front pay and back pay, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: April ___, 2016.

Respectfully submitted,

By:_____
RICHARD CELLER, ESQ.
Florida Bar No.0173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: richard@floridaovertimelawyer.com

Trial Counsel for Plaintiff